CHAUNCY BAKER

v.

THE STATE OF ILLINOIS.

*Opinion filed September 10, 1889.*

WATERS—*particular facts not showing damage by construction of dam.* Court reviews evidence and holds that construction of dam in the Illinois river by the State of Illinois has not affected claimant's lands and claim is rejected.

In this case the petitioner filed his complaint with the Auditor of the State of Illinois on the 20th day of October, A. D. 1879. The petition sets forth that the claimant is the legal owner of the east half of the southeast quarter of section three, township eight, north of range three west; that in October A. D. 1877, a dam was constructed across the Illinois river at or near Copperas Creek by virtue of the authority of the State of Illinois; that the construction of said dam has caused claimant's lands to become water soaked and soft to such an extent that they no longer bear animals with safety and have become unproductive, liable to frequent destructive overflows and thereby rendered almost worthless. That claimant's damages to said lands are $650.00.

The Attorney General denies that claimant has been damaged and insists that claimant's petition was not filed with the Auditor of the State of Illinois within two years and is therefore barred by the statute of limitations.

The conclusion arrived at by the Commission in this case renders it unnecessary to discuss the question as to whether the State is liable in this class of cases or not.

The dam at Copperas Creek was closed on the 21st day of October, A. D. 1877, and the petition in this case was filed with the Auidtor of State on the 20th day of October, A. D. 1879, within two years from the completion of the dam. The witnesses produced on the part of the claimant all agree that between sixty and sixty-five acres of the claimant's lands were subject to overflow

during summer freshets before the construction of the dam; that some fifteen acres of said tract have always been above high water mark. That crops were grown on said lands and harvested both before and since the construction of said dam. That since the construction of said dam no greater number of acres of this land are subject to overflow than prior to the construction of said dam.

The Commission under authority vested in them by the Legislature appointed one Robert Wilson, a surveyor, to go upon such lands and report such notes and profiles to said Commission as the Commission may direct; see Starr & Curtis Statutes, volume 1, page 741. After being first sworn as such surveyor said Wilson did go upon said lands and under the direction of the Commission did report his findings together with notes and profiles.

In his special report in this case Mr. Wilson says: "The lowest on the line ran was 12.5 plus L. W. in river opposite. A slough on the west of the line. The highest on the line is a quagmire full as bad as the lowest—springy." This line ran was centrally through the claimant's land and over its entire length. In Mr. Wilson's supplemental report—after having made a careful examination of the condition of the lands along the river from the dam at Henry to Copperas Creek dam and the effect of these dams on the river and the river on the lands states: "That in fact as to stage of water above six feet plus low water the dam at Copperas Creek has little or no effect on the rise of the water in the river, and that its effect is only noticeable when the stage of water is less than six feet above original low water." These lands by actual measurements are at their lowest points found to be more than twelve feet plus low water mark. At a time when Copperas Creek dam ceases to have an effect on the water in the river the water is then six feet or more below claimant's land. Six feet above that point when the dam is found to have no effect quagmires and spring soil are found.

These lands are between two and three miles from the river and so far above that point where the dam has any effect on the river that we are unable to see that the building of the Copperas Creek dam has affected claimant's land, and have therefore rejected this claim.